HENRY M. SMALL, Executor, vs. ALBERT H. ROSE.

Cumberland.    Opinion January 29, 1903.

*Bills and Notes.   Evidence.   Statute of Limitations.   Partial Payments.*
*Indorsements.    Books of account.    Entries against Interest.*
*R. S., c. 81, § 100.*

The provisions of R. S., c. 81, § 100, do not prevent the admission, in accordance with established rules, of evidence of payments to take actions on bills and notes or other writings out of the statute of limitations; but merely exclude indorsements or memoranda made thereon by or in behalf of the party to whom the partial payments purport to have been made.

Entries in account-books of a deceased testator of payments received by him on bills or notes supported by the executor's suppletory oath, but made after the statute of limitations has run, are not entries against testator's interest, it being to his advantage to show a part payment on the note. Such entries are not admissible to prove the fact of payment.

Exceptions by defendant.    Sustained.

Assumpsit on a promissory note given by defendant to plaintiff's testator.    Defendant plead the general issue and the statute of limitations, by way of brief statement.    At the trial in the Superior Court of Cumberland County the plaintiff introduced, supported by the suppletory oath of the executor, a small account-book, found among the effects of the deceased, which contained among other entries in his handwriting, under the head of money received, an item of $25 from A. H. Rose, March 25, 1897.    To the introduction of this evidence the defendant seasonably objected, but the same was admitted and the defendant alleged exceptions.

The facts are fully stated in the opinion.

*F. H. Haskell and A. F. Moulton*, for plaintiff.

Counsel cited:    *Coffin* v. *Bucknam*, 12 Maine, 471;   7 Am. & Eng. Ency. of Law, 1st ed. p. 72;  1 Phillips on Ev. *p. 307;  1 Greenl. on Ev. § 150;  *Holbrook* v. *Gay*, 6 Cush. 215;  R. S., c. 82, § 98; *Hancock* v. *Cook*, 18 Pick. 30;  *McKenney* v. *Waite*, 20 Maine, 349; 1 Greenl. on Ev. § 119, and notes;  Stat. of 1864, c. 230,

*F. W. Brown, Jr.,* for defendant.

Counsel cited: *Richards* v. *Maryland Ins. Co.,* 8 Cranch. 84; *Townsend Bank* v. *Whitney,* 3 Allen, 454, 455; 1 Greenl. on Ev. 14th ed. pp. 165, 171, note 1; *Dunn* v. *Whitney,* 10 Maine, 9; *Maine* v. *Harper,* 4 Allen, 115; *Waterman* v. *Burbank,* 8 Met. 352; *Clapp* v. *Ingersol,* 11 Maine, 83.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SPEAR, JJ.

PEABODY, J.. This case is on exceptions of defendant to the admission of evidence. It was an action on a promissory note, bearing date December 21, 1882, given by the defendant to one O. W. Small, plaintiff's testator.

The defense is the statute of limitations. There were certain indorsements on the note but not in the handwriting of the defendant, and it does not appear that evidence was introduced tending to show any payment on the note prior to March 25, 1897. As evidence of a payment made by the defendant on that date, the plaintiff introduced, supported by his suppletory oath, the small account-book found among the effects of the deceased in which was written in the handwriting of the deceased under the heading of money received and under the date of March 25, 1897, the following words: "A. H. Rose $25.00." This corresponded in date and amount to one of the indorsements on the back of the note. To the admission of this evidence the defendant seasonably objected and excepted.

Revised Statutes, ch. 81, § 100, provides that, "No indorsement or memorandum of such payment made on a promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment is made or purports to be made, is sufficient proof of payment to take the case out of the statute of limitations." This statute does not affect the admissibility of other evidence tending to show such payment, where the admission of such evidence does not conflict with the established rules. *Sibley* v. *Lumbert,* 30 Maine, 253.

The entry in question was part of a private cash account in the back of a small diary. The account was kept with apparent regularity, and the entry would have probative force to remove the statute bar if it was apparently made by the testator against his interest.

So far as appears from the case as presented, there was no evidence to overcome the presumption which arises from the date of the note that it had become outlawed long prior to the date of the memorandum of March 25th, 1897; so that in considering the effect of a cash entry of that date we must have in mind that at that time a payment on account of the note would have the effect not merely of reducing the indebtedness, but also of reviving the note and making it enforceable against the defendant.

Had the entry in the cash-book been made a reasonable time before the note became outlawed, its effect being an admission of the reduction of the 'debt, it might have been admissible if offered in evidence by the plaintiff as an entry made by a person since deceased apparently against his interest. *Taylor* v. *Witham*, 3 Ch. D. 605 ; 1 Greenl. Evidence, § 147. But after the statutory bar had become complete it was clearly not against his interest, but on the contrary, to his great advantage to show a part payment on the note. This destroys entirely the probative force of the written memorandum and makes it inadmissible in evidence to prove the fact of the payment. *Rose* v. *Bryant*, 2 Camp. 321 ; Wood on Limitations, § 115 ; 1 Greenl. Evidence, § 149 ; *Libby* v. *Brown*, 78 Maine, 492.

*Exceptions sustained.*